# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEILA QUINSHELL HALL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DE'ANDRE FRANKLIN HALL,<br><br>　　　Plaintiff,<br><br>VS.<br><br>THISTLE INVESTMENTS, LLC, MIDDLEBURG COMMUNITIES, LLC, MIDDLEBURG MANAGEMENT, LLC, VESTA ADAMS PARK, LLC AND ERIC JONES.<br><br>　　　Defendants,<br>_____/ | CASE NO. |

## NOTICE OF REMOVAL

COME NOW Defendants Thistle Investments, LLC ( hereinafter "Thistle"), Middleburg Communities, LLC ("Middleburg Communities"), Middleburg Management, LLC ("Middleburg Management"), and Vesta Adams Park, LLC ("Vesta Adams Park") (collectively, "Removing Defendants") by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of Civil Action No. 25-C-01943-S6 from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern

CASE NO. 23-C-04423-S6

District of Georgia, Atlanta Division. In support of removal, Removing Defendants state as follows:

## INTRODUCTION

1. Plaintiff Keila Quinshell Hall ("Plaintiff") commenced this action on February 17, 2025, by filing a renewal action in the State Court of Gwinnett County, styled "Keila Quinshell Hall, individually and as Administrator of the Estate of De'Andre Franklin Hall v. Thistle Investments LLC, Middleburg Communities LLC, Middleburg Management, LLC, Vesta Adams Park, LLC and Eric Jones", Case No. 25-C-01943-S6. ("Renewal").

2. This case constitutes a renewal action pursuant to O.C.G.A. § 9-2-61, following Plaintiff's voluntary dismissal, without prejudice, on September 3, 2024, of Civil Action No. 23-C-04423-S6, which involved the same parties, same claims, and arose out of the same facts and circumstances.

3. Plaintiff asserts claims arising out of a shooting that occurred on February 14, 2022, at the Vesta Adams Park Apartments in Atlanta, Georgia. As a result of the incident, De'Andre Franklin Hall sustained fatal injuries. Plaintiff brings these claims both as the surviving parent of the decedent and in her representative capacity on behalf of the decedent's estate.

4. The Renewal asserts claims for: (1) Failure to Keep the Premises Safe; (2) Allowing and Maintaining a Nuisance; (3) Failure to Repair; and (4) Negligent Hiring, Training, Supervision, and Retention.

5. Plaintiff is seeking estate-based damages including personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other damages endured by De'Andre Franklin Hall. Plaintiff, for her estate-based, is seeking compensatory damages, punitive damages, and attorneys' fees.

6. The Summons and Renewal were served on the Removing Defendants on February 28, 2025. Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of all pleadings, process and disposition transcript:

**Exhibit A.** Deposition Transcript of Eric Jones.

**Exhibit B.** 2/17/2025, Filing, Complaint with Jury Demand, 2025-02-17 Renewal Complaint (Hall, D.).pdf.

**Exhibit C.** 2/17/2025, Filing, General Civil/Domestic Relations Case Filing Info, Gwinnett Civil Domestic Filing Form.pdf.

**Exhibit D.** 2/17/2025, Filing, Summons, Eric Jones, 2025-02-17 Summons to Eric Jones (Hall, D).pdf.

CASE NO. 23-C-04423-S6

**Exhibit E.** 2/17/2025, Filing, Summons, Middleburg Communities LLC, 2025-02-17 Summons to Middleburg Communities (Hall, D).pdf.

**Exhibit F.** 2/17/2025, Filing, Request for Admissions, 2025-02-17 1st RFAs to Defs for Renewal (Hall, D).pdf.

**Exhibit G.** 2/17/2025, Filing, Summons, Middleburg Management LLC, 2025-02-17 Summons to Middleburg Management (Hall, D).pdf

**Exhibit H.** 2/17/2025, Filing, Summons, Vesta Adams Park LLC, 2025-02-17 Summons to Vesta Adams Park (Hall, D).pdf.

**Exhibit I.** 2/17/2025, Filing, Summons, Thistle Investments LLC, 2025-02-17 Summons to Thistle Investments (Hall, D).pdf**.**

**Exhibit J.** 2/17/2025, Filing, Request for Production, 2025-02-17 1st RPDs to Defs for Renewal (Hall, D).pdf.

**Exhibit K.** 3/3/2025, Filing, Affidavit of Service, MIDDLEBURG MANAGEMENT LLC, 2025-03-03 AOS for Middleburg Management LLC (Hall).pdf.

**Exhibit L.** 3/3/2025, Filing, Affidavit of Service, VESTA ADAMS PARK LLC, 2025-03-03 AOS for Vesta Adams Park LLC (Hall).pdf.

CASE NO. 23-C-04423-S6

**Exhibit M.** 3/11/2025, Filing, Affidavit of Service, THISTLE INVESTMENTS LLC, 2025-03-11 AOS for Thistle Investments LLC (Hall).pdf**.**

**Exhibit N.** 3/11/2025, Filing, Affidavit of Service, MIDDLEBURG COMMUNITIES LLC, 2025-03-11 AOS for Middleburg Communities LLC (Hall).pdf.

## REMOVAL UNDER 28 U.S.C. § 1332(a): COMPLETE DIVERSITY OF CITIZENSHIP

7. Plaintiff is a citizen of Georgia, both in her individual capacity and as the legal representative of the estate of the decedent, De'Andre Franklin Hall, who was also a Georgia resident. For purposes of diversity, the citizenship of the decedent governs. *See* 28 U.S.C. § 1332(c) (2).

8. Thistle, Middleburg Communities, and Middleburg Management are limited liability companies. The citizenship of an LLC is determined by the citizenship of all of its members. All the members of Thistle, Middleburg Communities, and Middleburg Management are citizens of Virginia. None of their members are citizens of Georgia. *See* Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

CASE NO. 23-C-04423-S6

9. Vesta Adams Park was a Virginia Limited Liability Company authorized to conduct business in the State of Georgia. Vesta Adams Park has since been dissolved. Its sole member was Middleburg Workforce Housing Fund, LLC, a citizen of the State of Virginia.

10. Co-defendant, Eric Jones ("Mr. Jones"), who has not been served to date, is and was at the time of filing an adult individual as well as a citizen of the State of Georgia.

11. As required by 28 U.S.C. § 1446(b) (2) (A), all properly joined and served Defendants have consented to the removal of this action.

12. Mr. Jones is a citizen of Georgia but has been fraudulently joined. As set forth below, his citizenship must be disregarded for purposes of determining diversity jurisdiction.

13. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Pertinent here, fraudulent joinder exists "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.*; see also *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) ("Even if a named defendant is [a citizen of the state in which the action was brought]… it is appropriate for a federal court to

dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant."). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

14. A copy of Mr. Jones' Deposition Transcript is attached to the instant Notice of Removal as *Exhibit "A"*. This deposition was taken on January 10, 2024, in the previous action (Civil Action No. 23-C-04423-S6) arising from the same incident at hand. Mr. Jones testified under oath to facts that unequivocally disprove his involvement or liability.

15. In his deposition, Mr. Jones testified that he worked for Middleburg for approximately one year and served as the community manager for the Vesta Adams Park property during that time. (*Ex. "A" 7:4–5; 21:2–5*). He stated that he did not reside on-site while working there. (*Id. at 26:5–6*). When asked about his involvement in selecting a new security company for the premises, Mr. Jones confirmed that he had no role in the decision-making process and explained that such responsibilities fell to upper management. (*Id. at 27:20–24*).

16. Mr. Jones testified that his typical work hours were from 8:00 a.m. to 6:00 p.m., Monday through Friday, indicating that he was not present during late-night or early-morning hours. (*Id. at 37:1–4*). When asked about budgetary matters, he identified David Allison as the individual responsible for setting the property's budget and made clear that he played no part in those decisions. (*Id. at 38:16–22*). He similarly testified that upper management determined the schedule for security at the property and that he was never asked to provide input or participate in that process. (*Id. at 48:14–18*).

17. Regarding the date of the incident, Mr. Jones testified unequivocally that he was not working at the time of the shooting involving Mr. Hall, which occurred in the early morning hours of Monday, February 14, 2022. He further confirmed that he was not on the property at all on the preceding Sunday, February 13. (*Id. at 86:16–25; 87:1–2*).

18. When asked about his responsibilities as property manager, Mr. Jones testified that he had no authority to make decisions regarding security at Vesta Adams Park. (*Id. at 87:3–5*). He explained that making or setting security-related policies or procedures was not within his scope of responsibilities and that those functions were handled exclusively by upper management. (*Id. at 87:6–14*). This testimony establishes that Mr. Jones had no operational control or oversight related

CASE NO. 23-C-04423-S6

to security, budget, or safety at the time of the incident. He was not present at the property during the relevant timeframe and had no authority over the circumstances giving rise to the claims in this case. His deposition forecloses any viable claim against him under Georgia law.

19.   Plaintiff cannot possibly state a valid cause of action against Mr. Jones because he was not present at Vesta Adams Park Apartments on the day of the incident *See, e.g., Nix v. Wal-Mart Stores E., LP*, No. 1:06-CV-3052-CAP, 2007 WL 9703188, at *3 (N.D. Ga. Apr. 4, 2007); *Glenn v. Wal-Mart Stores E., LP*, No. 1:18-CV-1119-CAP, 2018 WL 11444732, at *3 (N.D. Ga. May 25, 2018); *Stewart v. Circle K Stores, Inc.*, No. 1:22-CV-4738-TWT, 2023 WL 2507569, at *4 (N.D. Ga. Mar. 14, 2023). Furthermore, under Georgia law, liability for maintaining safe premises lies with *owners or occupiers of land*, not with individual employees who lack operational control. *See* O.C.G.A. § 51-3-1; *Joy v. Wal-Mart Stores E., LP.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *4–5 (N.D. Ga. Mar. 23, 2021); *Stewart v. Circle K Stores, Inc.*, No. 1:22-CV-4738-TWT, 2023 WL 2507569, at *4 (N.D. Ga. Mar. 14, 2023). Eric Jones was an individual employee who lacked operational control. His lack of presence, authority, or participation in any relevant decisions completely negates Plaintiff's claims against him. Because of this, there is not even a "possibility that a state court would find that the complaint states a cause

CASE NO. 23-C-04423-S6

of action against" him, and his joinder is fraudulent. *Triggs*, 154 F.3d at 1287 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983)).

20. Mr. Jones' citizenship must be disregarded for the purposes of determining jurisdiction under 28 U.S.C. § 1441, and removal is proper pursuant to 28 U.S.C. §§ 1332(a) (1) and 1441.

## **REMOVAL UNDER 28 U.S.C. § 1332(a): AMOUNT IN CONTROVERSY**

21. The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). Although Defendants are not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," they must show by a preponderance of the evidence that Plaintiff's claim meets the threshold jurisdictional amount in excess of $75,000. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016).

22. While the Renewal does not plead a specific dollar figure, Plaintiff seeks recovery for the full value of the life of De'Andre Franklin Hall under Georgia's Wrongful Death Act, O.C.G.A. § 51-4-1 et seq., as well as damages on behalf of the estate, including pre-death conscious pain and suffering, mental

CASE NO. 23-C-04423-S6

anguish, and other compensatory and punitive damages. These categories of damages alone typically far exceed the jurisdictional threshold in wrongful death actions.

23. This is not a case where damages are speculative or unsubstantiated. Plaintiff's Complaint sets forth specific claims for loss of life, pain and suffering, funeral and burial expenses, and seeks punitive damages, attorneys' fees, and litigation costs under O.C.G.A. § 13-6-11. Courts routinely find such allegations sufficient to support removal jurisdiction. This is not a situation where "puffing and posturing" renders the claim uncertain, nor are the damages generalized or conclusory.

24. Moreover, although no formal pre-suit demand letter is attached, Plaintiff's pleadings indicate damages commonly recognized in Georgia courts as exceeding $75,000, particularly in cases involving wrongful death, allegations of negligent security, and punitive damages. This includes but is not limited to loss of future earnings, full value of life, and severe emotional and physical suffering. The Eleventh Circuit allows the court to use "judicial experience and common sense" in determining whether a complaint facially supports federal jurisdiction. *See Pretka* at 770.

25. With the damages alleged in this case, including wrongful death, estate claims, and punitive damages, the amount in controversy clearly exceeds $75,000.00, and removal is proper pursuant to 28 U.S.C. § 1332(a).

**ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

26. This Notice of Removal is being timely filed pursuant to 28 U.S.C. §§ 1446. This Notice of Removal is being filed within 30 days of February 28, 2025, when Removing Defendants received information from which it ascertained that the case was removable.

27. Pursuant to 28 U.S.C. § 1441(a) and N.D. Ga. L.R. App. A, I, the United States District Court for the Northern District of Georgia, Atlanta Division is the appropriate court for filing this Notice of Removal from the State Court of Gwinnett County, Georgia where the Renewal was filed.

28. This Notice of Removal will be served promptly on Plaintiff and filed promptly with the State Court of Gwinnett County pursuant to 28 U.S.C. § 1446(d).

WHEREFORE Removing Defendants respectfully requests that this case be removed from the State Court of Gwinnett County, Georgia, and that this case proceed in the United States District Court for the Northern District of Georgia, Atlanta Division.

CASE NO. 23-C-04423-S6

Respectfully submitted this 31st day of March, 2025.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Mickey P. Evans II, Esquire
Georgia Bar No. 673722
*Attorneys for Defendants*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
mevans@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-C-04423-S6

## **CERTIFICATE OF COMPLIANCE**

We hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman typeface.

Dated this 31st day of March, 2025.

                                     */s/ Joseph P. Menello*
                                     Joseph P. Menello, Esquire
                                     Georgia Bar No. 752378
                                     Mickey P. Evans II, Esquire
                                     Georgia Bar No. 673722
                                     *Attorneys for Defendants*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
mevans@wickersmith.com
AtlCrtPleadings@wickersmith.com

CASE NO. 23-C-04423-S6

# **CERTIFICATE OF SERVICE**

This is to certify that we have this day served counsel for the opposing parties with a copy of the Notice of Removal by electronic mail.

Dated this 31st day of March, 2025.

                                       */s/ Joseph P. Menello*
                                       Joseph P. Menello, Esquire
                                       Georgia Bar No. 752378
                                       Mickey P. Evans II, Esquire
                                       Georgia Bar No. 673722
                                       *Attorneys for Defendants*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (407) 843-3939
(fax) (404) 467-1771
jmenello@wickersmith.com
mevans@wickersmith.com
AtlCrtPleadings@wickersmith.com